UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20070-CR-ALTMAN/BECERRA

18 U.S.C. § 1591
18 U.S.C. § 1952
18 U.S.C. § 1594(d)
18 U.S.C. § 2261A
18 U.S.C. § 981(a)(1)(C)

FILED BY ___MP___ D.C.

Feb 29, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

CRISTIAN SOLIS RETAMAL,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Sex Trafficking by Force, Fraud, and Coercion
### (18 U.S.C. § 1591)

From in or around March 2023, the exact date being unknown to the Grand Jury, through on or about October 27, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTIAN SOLIS RETAMAL,**

did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is, VICTIM 1, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause

VICTIM 1 to engage in a commercial sex act, said conduct in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1).

## COUNT 2
**Travel and Use of a Facility in Interstate and Foreign Commerce in Aid of a Racketeering Enterprise**
**(18 U.S.C. § 1952)**

From in or around March 2023, the exact date being unknown to the Grand Jury, through on or about October 27, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTIAN SOLIS RETAMAL,**

did knowingly travel in interstate and foreign commerce and use a facility in interstate and foreign commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, prostitution offenses, in violation of Florida Statutes Sections 796.05 and 796.07, and thereafter did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 3
**Stalking**
**(18 U.S.C. § 2261A)**

From in or around June 2023, through on or about October 27, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTIAN SOLIS RETAMAL,**

did knowingly use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce, with the intent to injure, harass, and intimidate another person, that is, VICTIM 1, and

2

did engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 1, in violation of Title 18, United States Code, Sections 2261A(2), 2261(b), and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CRISTIAN SOLIS RETAMAL**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1591, as alleged in this Indictment, the defendant shall forfeit to the United States: (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 1594(d)(1); and (b) any property, real or personal, constituting or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 1594(d)(2).

3. Upon conviction of a violation of Title 18, United States Code, Section 1952, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

HAYDEN P. O'BYRNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20070-CR-ALTMAN/BECERRA

v.

CRISTIAN SOLIS RETAMAL,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)
   I    ☒ 0 to 5 days
   II   ☐ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of December 21, 2023
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
HAYDEN P. O'BYRNE
Assistant United States Attorney
FL Bar No.    60024

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>CRISTIAN SOLIS RETAMAL</u>

**Case No:** _____

Count #: 1

<u>Sex Trafficking by Force, Fraud and Coercion</u>

<u>Title 18, United States Code, Section 1591(a)(1) and (b)(1)</u>
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 15 years' imprisonment
* **Max. Supervised Release:** 5 years / Lifetime
* **Max. Fine:** $250,000

Count #: 2

<u>Use of a Facility in Interstate and Foreign Commerce in Aid of a Racketeering Enterprise</u>

<u>Title 18, United States Code, Sections 1592(a)(3) and 2</u>
* **Max. Term of Imprisonment:** 5 years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A.
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #:  3

<u>Stalking</u>

<u>Title 18, United States Code, Sections 2261A and 2</u>
* **Max. Term of Imprisonment:** 5 years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**